UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DANIEL JACKSON,<br><br>               Defendant. | 17-CR-00557 (NSR)<br><br>OPINION & ORDER |

NELSON S. ROMÁN, United States District Judge

This case concerns a single count indictment that charges the Defendant Daniel Jackson ("Defendant") with participating in a conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(c). On October 18, 2017, this Court held an initial appearance at which Defendant requested this Court review Magistrate Judge Smith's denial of Defendant's bail application and order of continued detention. For the following reasons and those articulated during the proceedings on October 18, 2017, the Defendant's bail application is DENIED.

## BACKGROUND

Defendant was arrested on August 17, 2017 on the basis of a criminal complaint alleging that he conspired to distribute and possess with the intent to distribute a substance containing a detectable amount of heroin. (ECF Nos. 2-3.) That day Defendant was presented before Magistrate Barbara C. Moses for an initial appearance where it was determined that he would be detained on consent. Thereafter, Defendant was indicted on September 13, 2017 and arraigned on September 28, 2017. (ECF No. 7, hereinafter "Indictment.") On October 18, 2017, Defendant made a bail application before Magistrate Judge Smith: such application was denied and detention



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/2017

ordered to continue. Defendant then appeared for his initial appearance requesting that this Court review Magistrate Judge Smith's denial of his bail application.

Defendant did not seriously dispute that the nature of the offense and his criminal history weigh in favor of detention. (Transcript of Conference Before The Honorable Nelson S. Román, held on October 18, 2017, hereinafter "Tr." at 7.) Instead, he argued that his ties to the community and lack of ties to other communities, as well as the bail package of home detention and a $100,000.00 bond secured by four to five individuals were sufficient to demonstrate that he was not a flight risk or a danger to the community. (*Id.* at 12.) This Court disagrees.

## STANDARD OF REVIEW

A District Judge reviews a Magistrate Judge's decision on a bail application *de novo*. *United States v. Kirkaldy*, No. 98-1680, 1999 WL 357847, at *1 (2d Cir. May 26, 1999); *United States v. Leon*, 766 F.3d 77, 80 (2d Cir. 1985); *United States v. Sierra*, No. 99 CR. 962 (SWK), 1999 WL 1206703, at *1 (S.D.N.Y. Dec. 16, 1999). Accordingly, a District Court must independently analyze the factors laid out in the Bail Reform Act to determine whether there is any "condition or combination of conditions [that] will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142; *Kirkaldy*, 1999 WL 357847, at *1.

Typically, the Government bears a dual burden of proving that the defendant is a flight risk by a preponderance of the evidence and that the defendant is a danger to the community by clear and convincing evidence. *See* 18 U.S.C. § 3142(f); *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Where, as here, the case involves a serious narcotics charge, there is a rebuttable presumption that there exists no condition or combination of conditions that will "reasonably assur[e] the appearance of the [defendant] as required and the safety of the community."

2

18 U.S.C. § 3142(e)(3); *Kirkaldy*, 1999 WL 357847, at *1; *Sierra*, 1999 WL 1206703, at *1. Accordingly, in such cases, though the Government still bears the burden of persuasion, it is presumed that the defendant will be detained unless he introduces sufficient evidence to rebut the presumption. *Kirkaldy*, 1999 WL 357847, at *1 (quoting *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991)). The introduction of some evidence by the defendant does not automatically rebut the presumption; instead, the evidence must be weighed along with the factors articulated in 18 U.S.C. § 3142(g). *United States v. Fama*, No. 13 CR. 234, 2013 WL 2467985, at *1-2 (S.D.N.Y. Jun. 7, 2013); *Sierra*, 1999 WL 1206703, at *2 (citing *Rodriguez*, 950 F.2d at 88). These factors include: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person;" and (4) "the nature and the seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## DISCUSSION

Defendant was arrested on the basis of a criminal complaint and thereafter indicted for a single narcotics count that alleges that Defendant violated 21 U.S.C. § 846, conspiracy to distribute heroin. (ECF Nos. 2-3; *see also* Indictment.) Specifically, the Indictment alleges that "[o]n or about February 23, 2017, [Defendant] . . . sold heroin to an undercover officer in or around the City of Poughkeepsie, New York." (Indictment, ¶4.) His conduct is alleged to have violated 21 U.S.C. § 841(b)(1)(c), which carries "a term of imprisonment of not more than 20 years . . . ." 21 U.S.C. § 841(b)(1)(c). (*See also* Tr. at 6, 12.) Accordingly, pursuant to 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption of detention.

In an attempt to rebut the presumption of detention, Defense counsel argued that Defendant has "spent his whole life in Poughkeepsie" and that he has neither the means nor the ties elsewhere

3

to flee the jurisdiction. (Tr. at 7, 10.) Defense counsel noted that the request is not that Defendant be release on bail to be free to roam the community, but that he be released on home confinement such that the threat to the community would no longer exist. (*Id.* at 8.) The bail package would have included "a $100,000 bond signed by four or five financially responsible people" including his mother, stepfather, fiancé, fiancé's son and, a friend; all of whom were present in Court on October 18, 2017. (*Id.*) Defense counsel contended that these conditions would be sufficient to overcome the presumption. (*Id.* at 12.) This evidence however, is not considered in a vacuum; it must be weighed against the statutory factors. *Fama*, 2013 WL 2467985, at *1-2; *Sierra*, 1999 WL 1206703, at *2 (citing *Rodriguez*, 950 F.2d at 88). After such a balancing, it is clear that the Defense's bail package is insufficient to rebut the presumption that Defendant should be detained.

Preliminarily, the Government described the nature of the offense as a narcotics conspiracy arising out of 11 controlled buys which involved undercover officers and confidential informants. (Tr. at 3.) The Government also detailed the extent of their evidence against the Defendant as including "the indictment, subpoena returns, lab reports that were done after the controlled purchases, the police reports done during the controlled purchases, the surveillance logs, as well as the reports [] detailing the process by which the drugs were purchased from the Defendant." (*Id.*) As indicated on the record, the Government appears to have compelling evidence against the Defendant. (*Id.* at 11.)

Facts related to the Defendant's history and characteristics, as well as the potential danger to the community if Defendant were released also strongly favor detention. The Defendant's criminal history includes at least four narcotics-related convictions (two misdemeanors and two felonies). (*Id.* at 4.) The Defendant was also twice returned on a warrant in connection with two parole violations. (*Id.* at 5-6.) Further, the Defendant is a "known quantity in and around

Poughkeepsie" in that "he has been engaged in the sale of narcotics for a considerable amount of time" and multiple individuals know exactly where he sells controlled substances. (*Id.* at 12-13.) These facts are substantial. Defense counsel also freely admitted that his client's criminal history is indicative of dangerousness to the community and to others. (*Id.* at 10-11.) Moreover, the Government argued – and this Court agrees – that based on the Defendant's criminal history, if bailed he would likely continue to sell drugs and thus endanger the community in which he sells and the people to whom he sells. (*Id.* at 14.)

Simply stated, as articulated clearly on the record, this Court analyzed Magistrate Judge Smith's decision *de novo* and held then and maintains now, that considering the Defendants "history, [his] ties or lack of ties to the community, and the strength of the Government's case," the Defense was unable to rebut the presumption of detention warranting this Court's finding that "there are no conditions which may be put in place such that it would assure [the Defendant's] appearance at future court dates." (*Id.* at 16.)

## CONCLUSION

For the foregoing reasons, and those articulated on the record at the October 18, 2017 hearing, Defendant's application is DENIED and Magistrate Judge Smith's decision is affirmed.

Dated: November 3, 2017  
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge

5